```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED:__3/18/2024__             │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                          :

SCOTTSDALE INSURANCE COMPANY,     :
                          :

         Plaintiff,          :
                          :          19-cv-7477 (LJL)

     -v-                  :
                          :     MEMORANDUM AND
PATRICK MCGRATH, AH DB KITCHEN   :       ORDER
INVESTORS LLC, and CASTLEGRACE EQUITY  :
INVESTORS, LLC,                :

                          :

         Defendants.        :

                          :
----------------------------------------------------------------------X
                          :

PATRICK MCGRATH,           :
                          :

         Third-Party Plaintiff,  :
                          :

     -v-                  :
                          :

CRAVEABLE HOSPITALITY GROUP f/k/a   :
WATERSHED VENTURES, LLC,       :
                          :

         Third-Party Defendant.  :
                          :
----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Scottsdale Insurance Company ("Plaintiff") moves, pursuant to Federal Rule of

Civil Procedure 54(b), Dkt. No. 107, to vacate the Stipulated Conditional Final Judgment Subject

to Reservation of Rights of Appeal ("SCFJ") that the parties entered into and the Court approved

and ordered on September 22, 2021, Dkt. No. 80.  Defendant Patrick McGrath ("McGrath") joins

Plaintiff's motion in part and moves for vacatur or revision of the SCFJ.  Dkt. No. 105.

## BACKGROUND

      This dispute arose out of a joint venture between McGrath and Watershed Ventures, LLC

("Watershed") to open a restaurant in Aspen, Colorado.  *See* Dkt. No. 53 at 2.  That joint venture

failed and filed for protection under Chapter 7 of the Bankruptcy Code.  *Id.* at 7.  The Trustee in

that proceeding commenced an adversary proceeding against McGrath and two companies he

controls, AH DB Kitchen Investors LLC and Castlegrace Equity Investors, LLC (collectively,

"Defendants").  *Id.*  Defendants settled the adversary proceeding by tendering payment to the

Trustee.  *Id.*

   Watershed had an insurance policy with Plaintiff (the "Policy").  *Id.* at 2.  However,

Plaintiff advised McGrath of its position that McGrath was not insured by that Policy.  *Id.*

Plaintiff subsequently filed this lawsuit on August 9, 2019, seeking declaratory relief clarifying

that Plaintiff was not obligated to indemnify or defend Defendants under the Policy.  Dkt. No. 1.

In answering the complaint, McGrath brought several counterclaims against Plaintiff and third-

party claims against Watershed.  Dkt. No. 14.

   Plaintiff moved for summary judgment on June 22, 2020.  Dkt. No. 36.  On December

11, 2020, the Court issued an Opinion and Order denying Plaintiff's motion.  Dkt. No. 53.

Plaintiff then moved for partial summary judgment on Defendant's counterclaim for bad faith

breach of an insurance contract and his request for consequential and punitive damages above

applicable policy limits on April 15, 2021.  Dkt. No. 62.  The Court granted that motion.  Dkt.

No. 72.

   On September 22, 2021, Plaintiff and Defendants filed the SCFJ.  Dkt. No. 79.  The

recitals to the SCFJ explained that its purpose was "to avoid the expense and burden of a

damages trial, while reserving Scottsdale's and McGrath's rights to appeal the Court's Summary

Judgment Orders, . . . and to permit the Parties to appeal the Summary Judgment Orders."  *Id.* at

2.  Accordingly, the parties stipulated that McGrath was entitled to $1,000,000 in damages and

$215,000 in attorney's fees for his counterclaim for Plaintiff's breach of the duty to defend, but agreed that the SCFJ would become void if either of the Court's summary judgment rulings were partially or fully vacated or reversed on appeal.  *Id.* at 3.  The Court approved and ordered the SCFJ that same day.  Dkt. No. 80.

Plaintiff filed a notice of appeal on October 19, 2021, Dkt. No. 81, and McGrath cross-appealed the following day, Dkt. No. 83.  While those appeals were pending, Hanford Holdings LLC ("Hanford") filed a motion to intervene and for a turn-over order in this Court.  Dkt. No. 84. An accompanying declaration by Hanford's attorney, Jeffrey Glen, averred that Hanford held an $11,688,349.87 judgment against McGrath from an action in New York state court.  Dkt. No. 85 ¶ 3.  Hanford therefore sought to intervene and for a turn-over order for the $1,000,000 stipulated damages under the SCFJ.  *Id.* ¶¶ 7 ("[T]o avoid the expense to Hanford of commencing a new action and making jurisdictional service therein, Hanford moves to intervene in the instant action so it can petition therein for a turnover order."), 9 (explaining Hanford was not seeking the $215,000 stipulated attorney's fees).  On March 15, 2022, the Court denied Hanford's motion "without prejudice to refiling after resolution of the appeal and cross-appeal in this matter."  Dkt. No. 90.

The Second Circuit dismissed Plaintiff and McGrath's appeals on December 11, 2023. Dkt. No. 96-1.  The Circuit held that the SCFJ was not appealable because "it does not resolve all claims of all parties to the litigation," *id.* at 11, as it did not address Plaintiff's claims against AH DB Kitchen Investors LLC and Castlegrace Equity Investors, LLC, *id.* at 12.  The Circuit also determined that the SCFJ "does not resolve with sufficient finality the parties' claims regarding Scottsdale's duties under the Policy," *id.* at 11, because Plaintiff "could continue to dispute its liability on remand even if it loses its appeal," *id.* at 16.  As a result, the Circuit

dismissed the appeals for want of jurisdiction.  *Id.* at 23.

Hanford filed a renewed motion to intervene and for a turn-over order on December 22, 2023.  Dkt. No. 91.  However, Hanford subsequently filed a letter "request[ing] that further action regarding its pending motion to intervene be placed on hold."  Dkt. No. 101 at 2.  The Court construed that letter as withdrawing the motion to intervene without prejudice to filing a motion to intervene following the filing of any motion to vacate the SCFJ.  Dkt. No. 102 at 1.  The Court therefore ruled: "Should any party file a motion to vacate the stipulated judgment or seek any other relief from the Court, Hanford Holdings LLC may renew its motion and, upon making a renewed motion, may also request to be heard at any status conference."  *Id.*

After a status conference with the parties on January 23, 2024, the Court directed them to "file any motion(s) to vacate the stipulated conditional final judgment, Dkt. No. 80, on or before February 13, 2024.  If the parties file a motion to vacate, the Court will schedule a further status conference in this case when the Court rules on that motion."  Dkt. No. 99.  On February 9, 2024, McGrath voluntarily dismissed his third-party claim against Watershed.  Dkt. No. 104.  Plaintiff and McGrath then filed the instant motions, as well as accompanying memoranda of law, on February 13, 2024.  Dkt. Nos. 105–108.

Jeffrey Glen filed a declaration on behalf of Hanford "in response to the motion to vacate" the SCFJ on February 20, 2024.  Dkt. No. 109.  On March 1, 2024, the Court issued an order that directed Hanford to file "a formal motion to intervene, with an accompanying memorandum of law and affidavit" by March 11, 2024 if Hanford wished to pursue that relief.  Dkt. No. 111 at 2.  The Court subsequently extended that deadline until March 15, 2024.  Dkt. No. 113.  On March 14, 2024, Hanford filed a letter "inform[ing] the Court that Hanford will not be filing [a motion to intervene] at this time."  Dkt. No. 115 at 1.  Hanford explained that it had

"concluded that it is in its best interest not to delay the current proceeding by pressing its motion

to intervene" and that "absent a settlement between Scottsdale and McGrath, McGrath is likely

to pursue its claim for bad faith damages at the appellate level, which were McGrath successful

might result in increasing the leviable asset." *Id.*

## DISCUSSION

Under Federal Rule of Civil Procedure 54(b), "a district court is 'empowered to revisit

and vacate . . . any non-final order at any time before the entry of a judgment.'" *Holotouch, Inc.*

*v. Microsoft Corp.*, 2018 WL 11222930, at *1 (S.D.N.Y. July 17, 2018) (quoting *Sinoying*

*Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 212 (2d Cir. 2010)).  "The standard

governing a motion to vacate under Rule 54(b) is less strict than that under Rule 60(b)." *Exp.-*

*Imp. Bank of Republic of China v. Cent. Bank of Liberia*, 2017 WL 6398726, at *3 (S.D.N.Y.

Dec. 13, 2017); *see Wanamaker v. Columbian Rope Co.*, 907 F. Supp. 522, 527 (N.D.N.Y.

1995); *cf. SEC v. NIR Grp., LLC*, 2022 WL 900660, at *2 (E.D.N.Y. Mar. 28, 2022) ("Rule

60(b) is 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional

circumstances.'" (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986))).  "Vacatur of a

[nonfinal order] is appropriate where it benefits the parties but does not run counter to any public

interest." *Shron v. LendingClub Corp.*, 2020 WL 10223227, at *1 (S.D.N.Y. Nov. 30, 2020)

(quoting *Holotouch*, 2018 WL 11222930, at *1).

As the Second Circuit held, the SCFJ is nonfinal because it "does not resolve all claims

of all parties." Dkt. No. 96-1 at 11; *accord Holotouch*, 2018 WL 11222930, at *1 (concluding an

order was nonfinal "because it 'adjudicates fewer than all the claims' at issue in the case"

(quoting Fed. R. Civ. P. 54(b))).  Plaintiff and McGrath's motions to vacate are therefore subject

to the "less rigid" standard governing interlocutory orders. *Persistence Software, Inc. v. Object*

*People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001).

That standard is satisfied here.  First, vacatur of the SCFJ would manifestly "benefit[] the parties."  *IBM Credit Corp. v. United Home for Aged Hebrews*, 848 F. Supp. 495, 496 (S.D.N.Y. 1994).  The express purpose of the SCFJ was "to permit the Parties to appeal the Summary Judgment Orders."  Dkt. No. 80 at 2.  Yet the parties were unable to obtain appellate review of the Court's summary judgment rulings because the Circuit deemed the SCFJ insufficient to support appellate jurisdiction and therefore dismissed the appeals without reaching the merits of the parties' dispute.  Dkt. No. 96-1 at 23.  Due to inartful drafting, the SCFJ becomes void only if either of the Court's summary judgment opinions are "reversed, reversed in part, or vacated and remanded, in whole or in part."  Dkt. No. 80 at 3.  The parties did not contemplate dismissal of the appeal for want of jurisdiction.  Consequently, leaving the SCFJ intact would keep Plaintiff and McGrath in a state of legal limbo—bound by the terms of the SCFJ but unable to achieve its animating purpose.  Vacating the SCFJ, by contrast, would free the parties from that impasse and allow them to litigate their claims on the merits in this Court to a final judgment and then on appeal before the Second Circuit.

Second, "[t]he Court finds that no countervailing public interests warrant denial of vacatur."  *Shron*, 2020 WL 10223227, at *2.  As Hanford acknowledged, the stipulated damages in the SCFJ represent only "a small portion of the judgment" Hanford holds against McGrath. Dkt. No. 94 at 1.  Allowing the parties to fully litigate their claims to a final decision in this Court and then through an appeal on the merits could lead to McGrath recovering more than he would under the SCFJ, thereby "increasing [Hanford's] leviable asset."  Dkt. No. 115 at 1. Additionally, further decisions by this Court and the Second Circuit in the instant case would promote the public interest in the "development of decisional law," both persuasive and binding,

within this Circuit. *Exp.-Imp. Bank of Republic of China*, 2017 WL 6398726, at \*4; *see Aetna Cas. & Sur. Co. v. Home Ins. Co.*, 882 F. Supp. 1355, 1358 (S.D.N.Y. 1995) ("[E]ven if this case were reversed on appeal, it would serve the salutary function of leading to an appellate decision that would, unlike this court's decision, supply binding precedential effect."). By contrast, the Court's endorsement of the SCFJ merely gave effect to an agreement between the parties without elucidating the relevant legal principles, so vacating the SCFJ would not return any legal questions "to [a] previous, unresolved state." *Id.*

Accordingly, the interests of both the parties and the public support vacatur of the SCFJ to enable the parties to litigate their claims and seek an appeal on the merits. The Court therefore exercises its discretion under Rule 46(b) to vacate the SCFJ.

## CONCLUSION

The Court VACATES the SCFJ at Dkt. No. 88. Plaintiff's motion at Dkt. No. 105 is GRANTED and McGrath's motion at Dkt. No. 107 is GRANTED IN PART.

The Court will hold a teleconference on March 27, 2024 at 1:00 P.M. to discuss how the parties propose proceeding on their remaining claims. To join the teleconference, the parties are directed to dial 888-251-2909 and use access code 2123101.

The Clerk of Court is respectfully requested to close Dkt. Nos. 105 and 107.

SO ORDERED.

Dated: March 18, 2024
      New York, New York
                              LEWIS J. LIMAN
                      United States District Judge