UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
SCOTTSDALE INSURANCE COMPANY,                  :
:
               Plaintiff,                                  :
:
    -v-                                                                :
:
PATRICK MCGRATH, AH DB KITCHEN                 :
INVESTORS LLC, and CASTLEGRACE EQUITY          :
INVESTORS, LLC,                                :
:
               Defendants.                                 :
:
-------------------------------------------------------------------X
:
PATRICK MCGRATH,                               :
:
               Third-Party Plaintiff,                      :
:
    -v-                                                                :
:
SCOTTSDALE INSURANCE COMPANY,                  :
:
               Third-Party Defendant.                      :
:
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/07/2024

19-cv-7477 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

    Plaintiff Scottsdale Insurance Company ("Scottsdale") moves by letter motion to strike portions of the motion in limine of defendant Patrick McGrath, on grounds that it represents an untimely motion for summary judgment. Dkt. No. 145. The motion is granted in part and denied in part.

    In a prior opinion in this case, the Court denied Scottsdale's motion for summary judgment and concluded that McGrath was an insured under a Business and Management Indemnity policy issued to a company named Watershed Ventures, LLC (the "Policy"). Dkt. No.

53. McGrath filed his motion in limine on September 30, 2024. Dkt. No. 137. In Section A of the motion in limine, McGrath seeks to preclude Scottsdale from raising the Policy's Subsidiary Exclusion in support of its request for a declaratory judgment and in opposition to McGrath's claim for refusal to defend or indemnify on the grounds that the Subsidiary Exclusion does not apply as a matter of law, *id.* at 1–11; in Section B, McGrath seeks to preclude Scottsdale from arguing that he failed to provide timely notice, *id.* at 11–14; and in Section E, McGrath seeks to preclude Scottsdale from presenting evidence on the Subsidiary Exclusion and notice issues on the grounds that such evidence would contradict representations that Scottsdale made in a prior appeal to the Second Circuit in this case, *id.* at 18–21. Scottsdale argues that the three arguments constitute camouflaged summary judgment claims. Dkt. No. 145. By order of October 3, 2024, the Court directed McGrath to respond to the motion to strike and relieved Scottsdale of the obligation to respond to the challenged portions of the motion in limine pending further order of the Court. Dkt. No. 147. McGrath responded to the motion to strike on October 5, 2024, Dkt. No. 149, and Scottsdale replied on October 6, 2024, Dkt. No. 150.

"The purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines*, 652 F. Supp. 1400, 1401 (D. Md. 1987)). A party may not use a motion in limine as a disguised attempt for a second bite at the apple for summary judgment. *See TVT Recs. v. Island Def Jam Music Grp.*, 250 F. Supp. 2d 341, 344–45 (S.D.N.Y. 2003). Where a party has argued and lost on a motion for summary judgment that the evidence construed in favor of the non-moving party would not support a particular claim, *see Rivera v. Inc. Vill. of*

*Farmingdale*, 29 F. Supp. 3d 121, 126 (E.D.N.Y. 2013) (holding that party may not use an in limine motion to relitigate issues already decided in summary judgment opinion), or has foregone such an available argument, *see Williams v. Regus Mgmt. Grp., LLC*, 2012 WL 1711378, at *2 (S.D.N.Y. May 11, 2012); *Dollman v. Mast Indus., Inc.*, 2011 WL 3911035, at *2 (S.D.N.Y. Sept. 6, 2011), it cannot achieve the same result in the form of an argument that evidence is inadmissible because it is insufficient to support the claimant's claim. A second, or successive, motion for summary judgment in the guise of a motion in limine is procedurally unfair. *See Cooper v. Dieugenia*, 2017 WL 4083570, at *2 (E.D.N.Y. Sept. 13, 2017). The party having lost or foregone a motion for summary judgment, the question of whether the evidence is sufficient to support a claim for relief "must await resolution at trial." *Williams*, 2012 WL 1711378, at *2; *see Broadspring, Inc. v. Congoo, LLC*, 2014 WL 7392905, at *8 (S.D.N.Y. Dec. 29, 2014) (citing cases); *see also Edelman v. NYU Langone Health Sys.*, 2023 WL 4305446, at *7 (S.D.N.Y. June 30, 2023).

Sections A and B of McGrath's motion in limine are disguised motions for summary judgment. They argue that, based on purportedly undisputed facts, Scottsdale's substantive legal claims fail as a matter of law. *See* Dkt. No. 137 at 4 ("Scottsdale cannot rely on the Subsidiary Exclusion to deny coverage."), 6 ("[T]he Subsidiary Exclusion does not apply."), 7 (arguing that because Scottsdale did not justify its denial of coverage on the Subsidiary Exemption, it may not rely on it to deny coverage), 16 ("Scottsdale cannot assert that it was not required to provide coverage to McGrath because he did not provide timely notice for three reasons."). With one exception,[1] these Sections do not argue that evidence submitted in connection with those claims

---

[1] Subsection A(d) of the motion in limine argues that, under Federal Rules of Evidence 401, 403, and 404, Scottsdale should not be permitted to introduce evidence of McGrath's purported wrongdoing. Dkt. No. 137 at 7–11. Scottsdale shall respond to those portions of the motion in

3

will be confusing to the factfinder,[2] unduly prejudicial to McGrath, or a waste of time. They seek an advance ruling, dismissing "substantive portions of the case." *TVT Records*, 250 F. Supp. 2d at 344. They therefore are not the proper province of a motion in limine. "In effect, this is a motion to dismiss the claims." *Weiss v. La Suisse, Societe D'Assurances Sur La Vie,* 293 F. Supp. 2d 397, 403 (S.D.N.Y. 2003). The operative case management plan in this case provided that summary judgment motions were to be filed no later than April 15, 2021. Dkt. No. 57. Scottsdale filed a motion for partial summary judgment on that date. Dkt. No. 62. McGrath did not file a motion. It is too late now for him to ask that substantial portions of the case be dismissed pretrial. If Scottsdale's arguments fail to create a triable issue after its presentation of evidence, the proper recourse for McGrath is a motion for judgment as a matter of law. *See* Fed. R. Civ. P. 50.

Section E stands on somewhat different footing. That Section asks the Court to address the significance of admissions Scottsdale purportedly made in the Second Circuit and to exclude evidence inconsistent with those purported admissions. Dkt. No. 137 at 18–22. Scottsdale has filed a motion in limine asking the Court to exclude those same purported admissions before the Second Circuit. *See* Dkt. No. 132 at 18–23. McGrath could not have made the arguments at the time of summary judgment that he makes now regarding the effect of the statements before the Second Circuit. The Court will have to resolve the admissibility of the statements before the Second Circuit pretrial. It is therefore appropriate and efficient for the Court to decide at the same time whether, if the statements are admissible at all, they constitute judicial admissions or

---

limine.

[2] The parties dispute whether this case is to be tried to the bench or to the jury. *See* Dkt. No. 131 at 5–6, 18. To the extent it is tried to the bench, there is no basis for concern that the court will be confused by the evidence. To the extent that the case is tried to the jury, any concern that McGrath might have regarding prejudice can easily be addressed by the jury instructions.

simply evidentiary admissions. Accordingly, Scottsdale shall respond to that section of the motion in limine.

## CONCLUSION

The motion to strike at Dkt. No. 145 is GRANTED IN PART and DENIED IN PART. The motion to strike is granted as to Sections A and B of McGrath's motion in limine (with the exception of Subsection A(d) of that motion). It is denied as to Subsection A(d) and Section E of the motion in limine. Scottsdale shall respond to Subsection A(d) and Section E by no later than October 11, 2024.

The Clerk of Court is respectfully directed to close Dkt. No. 145.

SO ORDERED.

Dated: October 7, 2024
      New York, New York

                                                LEWIS J. LIMAN
                                          United States District Judge